**MEMO ENDORSED**

# SHEARMAN & STERLING LLP
Avocats au Barreau de Paris

114, AVENUE DES CHAMPS-ELYSÉES | 75008 PARIS
WWW.SHEARMAN.COM | T +33.1.53.89.70.00 | F +33.1.53.89.70.70

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

July 9, 2008

Applications granted.

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
7/11/08

BY HAND

The Honorable William H. Pauley III
Daniel Patrick Moynihan United
 States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

The Doe Run Resources Corporation d/b/a The Doe Run Company
v. BHL Resources Limited Inc. and John Does 1-5
No. 08-CIV-1956

Dear Judge Pauley:

The initial pre-trial conference is adjourned to August 8, 2008 at 11:45 a.m. The pre-motion conference will also take place at that time.

Defendant BHL Resources Limited Inc. ("BHL") respectfully requests a one-week adjournment of the case management conference that is scheduled for this Friday, July 11, 2008 at 12:15 PM. Defendant proposes to have the conference on Friday, July 18, 2008, or on any subsequent available date except Friday, July 25, 2008 when counsel for Plaintiff will be unavailable. Plaintiff does not oppose BHL's request. BHL learned for the first time on June 30, 2008 that a case management conference had been previously scheduled for June 13, 2008 and had been adjourned until Friday, July 11, 2008. This is therefore the second request for an adjournment, but the first request by Defendant.

BHL further requests, with the Plaintiff's consent, a further one-week extension of the time to answer, respond or make a motion with respect to the complaint until July 17, 2008. This extension is further to a two-week extension that was stipulated to by the parties (on top of a three-day extension to allow Plaintiff's counsel to confer with his client). The cumulative extension, if granted, would therefore be three and a half weeks. Enclosed please find a stipulation and draft order for such extension.

Finally, BHL hereby informs Your Honor that it wishes to file a motion to dismiss the Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, and respectfully requests a pre-motion conference on that issue (assuming such a conference is called for under Your Honor's practice rules). As Defendant intends to argue in its motion, Plaintiff's attempted to effect service on BHL in Panama is defective in multiple respects.

Rules 4(h)(2) and 4(f) of the Federal Rules of Civil Procedures allows for service of process "in a place not within any judicial district of the United States . . .

ABU DHABI | BEIJING | BRUXELLES | DÜSSELDORF | FRANCFORT | HONG KONG | LONDRES | MANNHEIM | MENLO PARK
MUNICH | NEW YORK | PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SINGAPOUR | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING EST UN PARTNERSHIP À RESPONSABILITÉ LIMITÉE CONSTITUÉ AUX ÉTATS-UNIS D'AMÉRIQUE EN VERTU DES LOIS DE L'ÉTAT DU DELAWARE, CES LOIS LIMITANT LA RESPONSABILITÉ PERSONNELLE DES ASSOCIÉS.

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

>   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>   (C) unless prohibited by the foreign country's law, by:
>
>   * * *
>
>   (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed reciept; or

(3) by other means not prohibited by international agreement, as the court orders."

Plaintiff has not opted to avail itself of the applicable international convention (the Inter-American Convention on Letters Rogatory), and instead has purported to have a "paralegal" leave a copy of the summons and complaint at the Defendant's place of business, presumably pursuant to Rule 4(f)(2)(A).

Article 1002 of the Code of Civil Procedure ("CPC") of Panama, however, provides that only the *Secretario* of the Court, or any individual specifically authorized by the *Secretario*, may lawfully effect service on a Panamanian company such as BHL, and only with respect to a domestic lawsuit. By failing to use the Inter-American Convention, and by seeking to effect service through a paralegal who was not authorized to effect service, Plaintiff has failed to comply with either Rule 4(f) of the Federal Rules of Civil Procedure, or with any other Rule on service of process.

Furthermore, Plaintiff failed to comply with Article 1004 of the CPC by not obtaining the signature of the person with whom the summons and complaint were allegedly left. Indeed, the summons does not even list the name of the alleged recipient, but instead is blank in the section calling for the recipient's name. For the same reasons, Plaintiff has also failed to comply with the proof of service requirements under Rule 4(l)(2) of the Federal Rules of Civil Procedure.

BHL apologizes that needs to make these further requests. BHL is in significant turmoil for reasons relating to the merits of this case. Indeed, the company is on the verge of bankruptcy, and is currently distracted by difficult negotiations with its many creditors. Among other things, it has been very difficult for counsel to communicate with the client during this

period, and for the client to obtain advice on Panamanian law from its local counsel. In these circumstances, Defendant has been severely handicapped in its ability to respond quickly to the Complaint.

BHL also informs Your Honor that we have conferred with Plaintiff on discovery matters pursuant to Rule 26(f) of the Federal Rules and will very shortly be filing a joint report in that regard.

Finally, in the event that Your Honor decides to proceed with the conference this Friday, we respectfully request that lead counsel for BHL, who is based in Paris, France, be allowed to participate by conference call. The conference number for the call is: **877-492-3950**; pass-code: 212-848-5328. At the Court's discretion, BHL can also have an attorney from this firm's New York office attend the conference in person.

Very truly yours,

Mark S. McNeill /AA

Mark S. McNeill